**Javerbaum Wurgaft Hicks**
 **Kahn Wikstrom & Sinins**
83 South Street, Suite 305
Freehold, NJ 07728
Telephone No. 732-431-7575
Fax No. 732-431-8442
**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Plaintiff<br><br>MICHAEL JAKUBOWSKY<br><br>v.<br><br>Defendants<br><br>UNITED STATES OF AMERICA | Civil Action No.: 2:20-cv-8724<br><br>**CIVIL ACTION**<br>**COMPLAINT** |

Plaintiff, Michael Jakubowsky, residing in Middlesex, Middlesex County, New Jersey, complaining of the Defendant, deposes and says:

## JURISDICTION

1. Plaintiff, Michael Jakubowsky, is a citizen of the United States of America and a State of New Jersey resident residing in Middlesex, Middlesex County, New Jersey.

2. Defendant, United States of America, is a public entity.

3. By passage of the Federal Tort Claims Act, 28 U.S.C. Section 1346(b) and 28 U.S.C. Section 2671-2680, the Defendant, United States of America, has consented to be sued in actions sounding in tort and Section 1346(b) of said Act specifically grants the Federal District Courts exclusive jurisdiction over torts allegedly committed by the Defendant, United States of America, its agencies, agents, servants and/or employees.

4. As to Defendant, United States of America, the jurisdiction of this Court is predicated upon 28 U.S.C. Section 1346(b) and upon 28 U.S.C. Section 1331 in that it arises under the laws of the United States of America.

5. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

6. Plaintiff presented his claims to the appropriate federal agencies, the U.S. Department of Veterans Affairs, 810 Vermont Avenue NW, Washington, DC 20571, the Veterans Administration Hospital of New Jersey – Lyons, 151 Knollcraft Road, Lyons, NJ 07939 and the Veterans Administration Hospital of New Jersey – East Orange, 385 Tremont Avenue, East Orange, NJ 07019 on March 5, 2019. (See Notice of Claim served March 5, 2019 annexed hereto as **Exhibit A**.)

7. More than six months have elapsed since Plaintiff served Notice of Claim and the claim has neither been denied nor satisfied and accordingly, Plaintiff has exhausted his administrative remedies.

8. The claims of Plaintiff asserted herein involve claims of medical negligence that the Veterans Administration Hospital and Clinics in Lyons, New Jersey and East Orange, New Jersey and as such, its medical providers are covered under the Federal Tort Claims Act.

## FIRST COUNT

9. At all times relevant herein, the Veterans Administration Hospital and Clinics in Lyons, New Jersey, was a hospital or medical clinic providing medical services at the principal location of 151 Knollcraft Road, Lyons, New Jersey, and holding itself out to the general public as a facility providing reasonably competent medical care and employing reasonably skilled medical personnel in their profession.

Case 2:20-cv-08724-KSH-CLW   Document 1   Filed 07/13/20   Page 3 of 8 PageID: 3

10. At all times relevant herein, the Veterans Administration Hospital and Clinics in East Orange, New Jersey, was a hospital or medical clinic providing medical services at the principal location of 385 Tremont Avenue, East Orange, New Jersey, and holding itself out to the general public as a facility providing reasonably competent medical care and employing reasonably skilled medical personnel in their profession.

11. On or about December 6, 2013, Plaintiff, Michael Jakubowsky, came under the care of the Veterans Administration Clinic in East Orange, New Jersey for surgical correction of equinis deformity and continued under their care thereafter.

12. On or about February 27, 2014, Plaintiff, Michael Jakubowsky, was seen at the Veterans Administration Clinic in East Orange, New Jersey by Brian D. Bedotto, an employee of the Veterans Administration Hospital for a fitting of a replacement orthosis.

13. On or about May 2, 2017, Plaintiff, Michael Jakubowsky, was seen at the Veterans Administration Clinic in East Orange, New Jersey by Brian D. Bedotto, an employee of the Veterans Administration Hospital for a fitting of a replacement orthosis.

14. In or about June, 2017, Plaintiff, Michael Jakubowsky, received the replacement orthsis.

15. On or about August 4, 2017, Plaintiff, Michael Jakubowsky, was seen by John Milano, DPM, an employee of the Veterans Administration Hospital, for foot ulcers that developed two weeks after receiving his replacement orthosis. It was then determined that Plaintiff had been provided with the new orthosis that were not appropriate for him.

16. Thereafter, Plaintiff remained under the care of John Milano, DPM for non-healing ulcers and diminished circulation.

17. On or about November 24, 2017, Plaintiff, Michael Jakubowsky, was seen by Dr. Sharada Shekar, an internist employed by the Veterans Administration Hospital of East Orange for bleeding and discharge of his ulcer. She discharged him without further treatment.

18. The care rendered to Plaintiff, Michael Jakubowsky by Brian D. Bedotto, Dr. John Milano, Dr. Sharada Shekar and/or other providers at the Veterans Administration Hospital of East Orange and/or the Veterans Administration Hospital of Lyons, deviated from the standard of care.

19. As a direct and proximate result of the aforesaid deviations from the standard of care, Plaintiff, Michael Jakubowsky was caused to sustain and did sustain severe and permanent injuries requiring the care and treatment by other physicians, hospitalizations and did cause severe pain and suffering and left plaintiff dependent on others.

WHEREFORE, Plaintiff, Michael Jakubowsky, demands judgment against Defendant, United States of America, in the amount of his damages, together with interest and costs of suit.

### NOTICE OF TRIAL COUNSEL

Please take notice that Robert G. Hicks, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., pursuant to Rule 4:25 et. seq.

Javerbaum Wurgaft Hicks Kahn
Wikstrom & Sinins, P.C.
Attorneys for Plaintiff(s)

By: _____
Robert G. Hicks, Esq.

Dated: July 13, 2020
Our File No.: 18-000820

# EXHIBIT A

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**

United States Department of Veterans Affairs
810 Vermont Avenue NW
Washington, D.C. 20571

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

Michael Jakubowsky
16 Garden Place
Middlesex, NJ 08846

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | 8/15/1947 | Single | May 2, 2017 | |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

In December, 2013, Mr. Jakubowsky had right foot surgery at the VA Hospital in East Orange, NJ after which he was required to be fitted with custom shoes. On May 2, 2017 he was seen at the VA for casting for replacement shoes. In July, 2017, Mr. Jakubowsky began developing ulcers on his right foot. On August 10, 2017, he was seen by Dr. John Milano who determined that the new shoes "are not labeled with his name or order number" (i.e., given the wrong shoes).(Continued on attached)

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not Applicable

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Bilateral lower limb amputations.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Dr. John Milano | VA Podiatric Clinic, Lyons, New Jersey |
| Nancy Yuzuik | 894 Sebring Avenue, Bound Brook, NJ 08805 |
| Medical Providers | VA Hospitals/Clinics East Orange and Lyons, NJ; RWJ-Somerset; Glen Arbor |

**12.** (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | | | $10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 732-431-7575 | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

Not Applicable

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code) ☒

Not Applicable

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, nature and extent of treatment, the degree of permanent disability, if any, the prognosis and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

CLAIM FOR DAMAGE, INJURY OR DEATH (Cont'd.)

RE: Michael Jakubowsky

8. BASIS OF CLAIM (Continued)

The ulcers on Mr. Jakubowsky's left foot were non-healing. On November 24, 2017, Mr. Jakubowsky is seen at the clinic at the VA Hospital in Lyons, New Jersey. At this point, his right foot ulcer was bleeding and had a discharge and strong, foul odor. He was examined and discharged without any blood work. On November 29, 2017, Mr. Jakubowsky returned to the VA Clinic and was found to have a large open wound with surrounding thickened skin over plantar aspect of the foot with black eschar extending laterally and is diagnosed with right foot ulcer that is infected. He was transferred to Robert Wood Johnson-Somerset Medical Center in Somerville, New Jersey. The blood work shows white blood count is over 22,000. He was admitted for surgery in an attempt to remove infection and dead tissue. He is discharged. Blood work showed Strep Group B bacteria which lead to MRSA infection. He was then discharged to Arbor Glen Rehab facility in Bridgewater, New Jersey. His foot continues to worsen. Mr. Jakubowsky was re-admitted to Robert Wood Johnson-Somerset Medical Center for further treatment on the right leg and foot. On January 3, 2018, a right leg amputation below-the-knee was performed. He returned to Glen Arbor for rehabilitation from January 10, 2018 to February 26, 2018. He then began developing blisters on his left foot. He was returned to Robert Wood Johnson-Somerset Medical Center for treatment. On April 6, 2018, Mr. Jakubowsky underwent a left leg amputation below-the-knee.